UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO REUBEN ESTRADA, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 1:12-CR-348-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO VACATE (DOC. 37) |

## I. INTRODUCTION

On October 11, 2012, Petitioner Pablo Reuben Estrada, Jr., ("Estrada") was indicted on two counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (2) possession of stolen firearms in violation of 18 U.S.C. § 922(j). Doc. 10. Estrada pled guilty to both counts on July 8, 2013. Doc. 28. On September 30, 2013, this Court sentenced Estrada to a term of imprisonment of 51 months on each count, to be served concurrently for a total term of 51 months, with 36 months of supervised release. Doc. 33 at 2-3.

Estrada, appearing pro se, seeks adjudication of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255") based on ineffective assistance of counsel. Doc. 37 at 4. Estrada asserts that his former counsel Mario DiSalvo ("DiSalvo") "was ineffective for failing to object to the number of firearms being used for base offense level points." *Id.* Estrada claims that counsel was ineffective "for failing to object to the number of firearms being set at 4 levels instead of 2, as only 3 firearms were actually possessed by [Estrada]." *Id.* at 14; *see also id.* at 4 ("Counsel should have objected to the number of firearms being 8-24 instead of 3, as [Estrada] . . . only actually possessed 3

1

firearms."). Estrada requests that this Court vacate his sentence and resentence him "starting two base offense levels lower." *Id.* at 13. For the reasons discussed below, Estrada's motion is DENIED.

## II. DISCUSSION

**A.     Ineffective Assistance of Counsel.**

**1.     Legal Standard.**

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.). In *Strickland v. Washington*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984). Establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing Strickland, 466 U.S. at 688). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 693). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the Strickland test echoes the standard of attorney competence set forth *McMann*. *Id.* at 58-59; *see also Tollett v. Henderson*, 411 U.S. 258, 267

(1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*" ). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

**2.  Analysis.**

Estrada claims that DiSilvio's counsel was ineffective because he failed to object to the number of firearms used to calculate base offense level points. Estrada claims he was sentenced as if he had unlawfully possessed 8-24 firearms when he only possessed three.

DiSilvio did, in fact, object to the government's characterization that Estrada "was responsible for at least 8 rifles in the instant offense; therefore a 4-level increase is recommended." *See* Doc. 30 at 2. In objecting to the pre-sentence report, DiSilvio argued that Estrada's "offense d[id] not involve 8 to 24 weapons" for sentencing purposes. *Id.* Rather, DiSilvio asserted that "[a] total number of 5 firearms were recovered in the commission of [Estrada's] offense and the resulting 6 firearms voluntarily turned over by [Estrada] under advice of counsel should not be taken into consideration for the purposes of enhancing [Estrada's] sentence." *Id.* As the Government indicated in its response to the objections, Estrada admitted that "he was responsible for purchasing between 8 and 25 firearms that had been stolen." Doc. 31-2; *see also id.* (during Estrada's "initial interview subsequent to his arrest, he admitted buying eight or nine firearms").

The factual basis of Estrada's claim that DiSilvio's assistance was ineffective is therefore incorrect. Contrary to Estrada's assertion, DiSilvio did, in fact, object to the number of firearms used to calculate base offense level points and, moreover, Estrada admitted that he had unlawfully purchased at least eight firearms, not three. The Court considered both Estrada's and the Government's positions in sentencing Estrada. Accordingly, Estrada's motion to vacate, set aside, or correct his sentence based on

ineffective assistance of counsel under 28 U.S.C. § 2255 is DENIED.

**B. Certificate of Appealability.**

Section 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir.1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4; *Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Estrada's motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated:   **July 23, 2014**            /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE

4