UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO REUBEN ESTRADA, JR., | 1:12-cr-00348- LJO-SKO |
| Petitioner, | MEMORANDUM DECISION AND ORDER RE PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 42) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Pablo Reuben Estrada ("Petitioner"), a prisoner in federal custody, is proceeding pro se in his motion for reconsideration of the Court's denial of his 28 U.S.C. § 2255 motion ("§ 2255 motion") to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court DENIES Petitioner's motion for reconsideration.

## II. PROCEDURAL HISTORY

After pleading guilty to felony possession of a firearm, Petitioner was sentenced to 51 months imprisonment with 36 months of supervised release. Doc. 40 at 1. On July 7, 2014, Petitioner filed a § 2255 motion based ineffective assistance of counsel. Doc. 37. Petitioner asserted that his former counsel was "ineffective for failing to object to the number of firearms being used for base offense level points." Doc. 40 at 1. On July 23, 2014, the Court denied Petitioner's motion because Petitioner's counsel had objected to the number of firearms and thus Petitioner had no basis for his claim of ineffective assistance of counsel. *Id.* at 3; Doc 30 at 2. On September 29, 2014, Petitioner filed the current motion for reconsideration.

## III. STANDARD OF DECISION

The Federal Rules of Criminal Procedure do not address reconsideration of a § 2255 motion specifically. The Ninth Circuit, however, has held that motions for reconsideration of a § 2255 motion may be brought either under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F. 3d, 1042, 1047 n. 7 (9th Cir. 2000). Relying on a Second Circuit case, *United States v. Clark,* 984 F. 2d 31, 34 (2d Cir. 1993), the Ninth Circuit suggested that Rule 59(e) would only be applicable when motions for reconsideration were made within ten days from the filing of the decision and order in the § 2255 motion. *Id*. at 1048 n. 8. All other motions for reconsideration would be reviewed under the guidelines of Rule 60(b). Because Petitioner's motion was filed more than 10 days after the entry of the order denying his § 2255 motion, the Court will treat his motion for reconsideration as a Rule 60(b) motion.

Fed. R. Civ. P. 60(b) provides that the Court may "relieve a party or its legal representative from final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that reasonably could not have been discovered in time to move for a new trial; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; or (6) any other reason that justifies relief. Petitioner acknowledges that only Rule 60(b)(6) is applicable to his case. Doc. 42 at 6.

## IV. ANALYSIS

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 (9th Cir. 1999). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist*. 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Petitioner has failed to set forth any new facts or law, rather he merely recites the arguments from his original § 2255 motion. Doc. 37. As the Court noted in its order on Petitioner's § 2255 motion, Petitioner's counsel filed written objections to the presentence report with the Court prior to sentencing. Doc. 40 at 3; Doc. 30 at 2. Thus not only did Petitioner not present the Court with new

1  evidence or a change in the controlling law. he failed to show any error or omission on the part of
2  the Court. Petitioner has not provided the Court with any other reason that would justify reconsideration.

### V. **CONCLUSION AND ORDER**

For the reasons discussed above, the Court Denies Petitioner's motion for reconsideration.

IT IS SO ORDERED.

Dated: __**October 6, 2014**__       ____**/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

3